## Commonwealth v. Sipes

*Edward A. Mihalik*, for Commonwealth.
*Eugene Martucci*, for appellant.

■ ■ ■

KLEIN, *J.*, June 20, 1975—This matter is before the court upon the appeal of Thomas William Sipes from an order of the Secretary of Transportation suspending his operating privileges for six months for a violation of section 624(6) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §624, pursuant to section 618(b)(2).

A hearing was held on June 12, 1975. From the record, we make the following

## FINDINGS OF FACT

1. Appellant, Thomas William Sipes, is a citizen of Pennsylvania, now resident at 1925 Duss Avenue, Ambridge, Pa., and a duly licensed operator of motor vehicles.

2. Appellant is 29 years of age, married, father of a child and the sole support of his family.

3. Appellant is self-employed as a truck driver-hauler.

4. By reason of a conviction for speeding at 65 m.p.h. in a 50 m.p.h. zone on June 7, 1972, appellant's operating privileges were suspended for one month. The notice of suspension was dated May 4, 1973, and indicated the effective date of suspension to be June 8, 1973, at 12:01 a.m.

5. Appellant voluntarily mailed in his operator's card on May 7, 1973, and the same was received by the department in Harrisburg on May 9, 1973.

6. Appellant's operating privileges were restored on June 6, 1973.

7. In October, 1973, appellant was ordered by the department to take a special operator's examination.

8. At that time, appellant was residing in Arizona and so notified the department.

9. On April 2, 1974, appellant's privileges were suspended until proof of competency is established.

10. On June 2, 1974, appellant returned to Pennsylvania and notified the department that he was once again a resident of Pennsylvania.

11. The department then ordered appellant to take a special operator's examination; appellant did take the examination and was successful.

12. On June 26, 1974, appellant's operating privileges were restored.

13. On April 29, 1975, the instant suspension was ordered for the alleged violation of May 10, 1973.

14. Appellant came to the police officer's attention on May 10, 1973, because the vehicle he was operating bore Florida license plates and not because of an accident or moving violation.

15. The police officer did not prosecute the appellant for driving during suspension.

16. The instant suspension is based upon an alleged violation and not upon a record of conviction.

## DISCUSSION

### I.

Initially and fundamentally, there is, at least, a technical question as to whether appellant's driving privileges were suspended on May 10, 1973, the date of the alleged offense of driving during suspension. The notice of May 4, 1973, stated that the suspension was to be effective June 8, 1973. Appellant voluntarily mailed in his license on May 7, 1973. There is no evidence that the Commonwealth communicated its acceptance of an accelerated date for suspension, although it marked same on its records.

It is apparent that the police officer elected not to prosecute appellant because the official record of the department showed that the 30-day suspension was to commence on June 8, 1973, and carried only a pencil notation that the operator's card had been received on May 9, 1973.

## II.

Assuming arguendo that appellant's privileges were suspended on May 10, 1973, the secretary, nevertheless, was without authority to suspend for said violation on April 29, 1975, nearly two years later. And if the secretary had such authority, his order of suspension was a clear abuse of discretion *in these circumstances.*

The alleged violation occurred on May 10, 1973; the department communicated with appellant in October 1973 regarding appellant's taking of a special examination; on April 2, 1974, the secretary suspended appellant's privileges "until proof of competency is established"; in June 1974, appellant notified the department of his return to Pennsylvania from Arizona; aforesaid special examination was rescheduled; appellant took and passed the examination and his privileges were restored on June 26, 1974. Ten months thereafter, the instant suspension was ordered based upon an alleged violation which occurred nearly two years prior to the order of suspension.

The lengthy delay is totally unexplained by the Commonwealth. See Pa. Department of Transportation v. Miller, 37 Fayette 13 (1974).

We feel constrained to reiterate what the late Judge Feigus said in the Miller case, supra;

"In this same vein, it is proper to note the sentiment of the Supreme Court of Pennsylvania in its

recent promulgation of Pa. R. Crim. P. 1100, relative to the speedy trial of pending criminal cases, and Pa. R. J. A. 1901, relative to inactive cases generally. This undue administrative delay offends the Court's sense of justice and constitutes a form of lack of due process of law."

Although economic hardship alone is not sufficient for us to reverse the secretary in these premises, taken as a whole, the record grants us the power to do so and justice requires it.

In this case, there was not only an unexplained lengthy delay but also actions taken by the department with respect to appellant's privileges during the interval: he was twice ordered to take a special examination and his privileges were suspended for nearly three months until such competency was established by successfully completing the examination. This, it seems to us, should in all equity and justice be construed as a waiver by the secretary of his right to exercise his discretionary suspension powers. See Commonwealth v. Schmick, 34 Lehigh 494 (1972), and Pickford Automobile License Case, 20 Bucks 581 (1971).

## CONCLUSIONS OF LAW

1. The suspension of appellant's operating privileges is an abuse of discretion by the secretary because it is unreasonable in these circumstances, particularly when it produces serious economic hardship.

2. The secretary waived his right to exercise his discretionary suspension powers in these circumstances because of the lengthy delay and intervening actions concerning appellant's operating privileges.

3. Appellant was not guilty of a violation of section 624(6).

For all of these reasons, we make the following

## ORDER

And now, June 20, 1975, it is ordered, adjudged and decreed that the appeal of Thomas William Sipes from suspension of his operating privileges be, and it is hereby, sustained. The secretary is directed to restore appellant's privileges forthwith.